UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH N. WYNDER, JR.,

              Plaintiff,

    -against-

ROBERT MATEER and THOMAS
TERMINELLE,

           Defendants.

24-CV-8899 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff Kenneth N. Wynder, Jr., proceeding *pro se*, is currently incarcerated at the Federal Medical Center in Fort Worth, Texas. Plaintiff brings this action under 42 U.S.C. § 1983 against New York City Department of Environmental Protection Police Officers Robert Mateer and Thomas Terminelle ("Defendants"). Plaintiff alleges that Defendants provided false statements to federal agents, which caused Plaintiff to be prosecuted and found guilty in this court, *see United States v. Wynder, Jr.*, No. 20-CR-470-1 (S.D.N.Y. Jan. 19, 2024) (Castel, J.).

    By Order dated January 7, 2025, ECF No. 6, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity, or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.* at 679.

**BACKGROUND**

The following facts are drawn from the complaint and publicly available court records.[2]
In 2015, Defendants Mateer and Terminelle initiated a lawsuit in this court against Plaintiff and
the Law Enforcement Employees Benevolent Association ("LEEBA"), alleging violations of the
Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.*[3] (ECF
No. 1 ¶ 9); *see Vandermark v. Law Enf't Emps. Benevolent Ass'n.*, No. 15-CV-483 (S.D.N.Y.
Jan. 22, 2015) (Broderick, J.). On October 6, 2021, the court granted Plaintiff's motion for
summary judgment. (ECF No. 1 ¶ 10; *Vandermark*, No. 15-CV-483, ECF No. 96.)

Plaintiff contends that after Defendants' lawsuit was dismissed, Defendants "contacted
Special Agent Joseph Duome of the FBI to file a criminal complaint against plaintiff." (ECF No.
1 ¶ 11.) Defendants provided Duome with "affidavits under oath consisting of false statements."
(*Id.* ¶ 12.) Defendant Mateer provided his statements on October 19, 2018, and Defendant
Terminelle provided his statements on October 29, 2018.[4] (*Id.* ¶¶ 13, 22.) These alleged false

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

[3] In addition to the 2015 lawsuit, Plaintiff was named as a defendant in two other lawsuits, in his capacity as President of LEEBA. First, Plaintiff and LEEBA were named as co-defendants in an action filed in this court on March 5, 2021. *See Reyes v. Law Enf't Emps. Benevolent Ass'n*, No. 21-CV-1945 (S.D.N.Y.) (Liman, J.) (dismissed on June 8, 2021 after the parties settled). Plaintiff and LEEBA were also named as co-defendants in an action filed in this court on October 17, 2022. *See Washington v. Law Enf't Emps. Benevolent Ass'n*, No. 22-CV-8828 (S.D.N.Y.) (Kaplan, J.) (dismissed on July 18, 2023 after the parties settled).

[4] Plaintiff asserts that the reason Defendants provided false statements is that their civil lawsuit was dismissed. His complaint suggests, however, that these statements (given in 2018) were provided before the dismissal of the civil suit in 2021. It is therefore not clear if Plaintiff is also referring to later statements provided by Defendants, such as trial testimony in the criminal case. If Plaintiff is referring to trial testimony, Defendants are shielded from liability for their testimony as witnesses, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012) (relying on *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983) for the proposition

3

statements were provided with "deliberate intent with malice of pre-medi[]tated false statements [which] led [] FBI Special Agent Joseph Duome to open a R.I.C.O. . . . investigation against plaintiff with defendants because of their sworn affidavits." (*Id.* ¶ 27.)

Plaintiff contends that he "was wrongfully incarcerated" as a result of Defendants having provided Special Agent Duome with the affidavits referred to above. (*Id.* ¶ 31.) Plaintiff seeks money damages and a declaration "that the acts and omissions of the defendant[]s have violated Plaintiff's rights." (*Id.* ¶¶ 33-34.)

According to publicly available court records, Special Agent Duome filed a criminal complaint in this court on July 9, 2020, charging Plaintiff with several fraud and tax evasion charges. *Wynder, Jr.*, No. 20-CR-470-1 (ECF No. 1). On September 8, 2020, the Government filed a thirteen-count indictment charging Plaintiff with one count of wire fraud, one count of conspiracy to defraud the United States and the Internal Revenue Service, eight counts of tax evasion, two counts of making false statements to federal agents, and one count of obstruction of a grand jury investigation. *Id.* (ECF No. 6.) A superseding indictment, filed on July 22, 2021, charged Plaintiff with one count of conspiracy to commit wire fraud, one count of wire fraud, one count of conspiracy to defraud the United States and the Internal Revenue Service, and four counts of tax evasion. *Id.* (ECF No. 44.)

On May 30, 2023, a jury returned a guilty verdict on all counts charged in the superseding indictment, and on January 19, 2024, Plaintiff was sentenced to 40 months' imprisonment. *Id.* (ECF No. 255.) Plaintiff appealed his conviction, and the appeal is pending

---

that trial witnesses sued under 42 U.S.C. § 1983 have "absolute immunity with respect to *any* claim based on the witness' testimony").

in the United States Court of Appeals for the Second Circuit. *See United States v. Wynder, Jr.*,

No. 24-263 (2d Cir. Notice of Appeal filed Jan. 1, 2024).

## DISCUSSION

### A.    The Supreme Court's Decision in *Heck v. Humphrey* Bars This Action

Plaintiff brings this action against the two New York City Department of Environmental

Protection Police Officers who provided the FBI with statements regarding Plaintiff's criminal

conduct, leading to his prosecution and conviction. Plaintiff contends that Defendants'

statements were false, and he seeks money damages and a declaratory statement from this Court

affirming his contention. The Court construes the complaint as asserting a fabrication of

evidence claim under Section 1983. Such a claim, however, is barred by the Supreme Court's

decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm
> caused by actions whose unlawfulness would render a conviction or sentence
> invalid, a § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for
> damages bearing that relationship to a conviction or sentence that has *not* been so
> invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted) (emphasis in original); *see Channer v. Mitchell*, 43 F.3d 786,

787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging

that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully

identify [plaintiff]," and noting that "these allegations, if proven, would have rendered

[plaintiff's] conviction invalid"). The *Heck* bar applies even when a Section 1983 plaintiff is

actively challenging his conviction. *See Corley v. Vance*, 365 F. Supp. 3d 407, 440 (S.D.N.Y.

2019) (Failla, J.) ("[N]either Plaintiff's pending motions, nor his eventual release, has any effect

on the applicability of *Heck*."), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020);

*Magnotta v. Putnam Cnty. Sheriff*, No. 13-CV-2752, 2014 WL 705203, at *5 (S.D.N.Y. Feb. 24,

2014) (Gorenstein, M.J.), *adopted* (Apr. 17, 2014) ("Nor does the fact that [plaintiff] is actively

appealing his criminal conviction . . . lift the *Heck* bar inasmuch as the plaintiff in *Heck* itself

was also pursuing an appeal of his criminal conviction at the time he brought his § 1983 claims."

(citation omitted)).

      *Heck* therefore bars Plaintiff's claims for money damages and declaratory relief.  Before

seeking relief under Section 1983, Plaintiff is required to prove "that the conviction or sentence

has been reversed on direct appeal" or otherwise invalidated.  *Heck*, 512 U.S. at 487.  Plaintiff

has not done so; his direct appeal remains pending before the Second Circuit.  As noted in

*Magnotta*, Plaintiff's current appeal challenging the validity of his conviction does not affect the

applicability of the *Heck* bar.  Thus, the Court dismisses the complaint, without prejudice, for

failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is free to pursue relief should

he successfully challenge his conviction on appeal.  *See McDonough v. Smith*, 588 U.S. 109, 114

(2019) ("The statute of limitations for a fabricated-evidence claim . . . does not begin to run until

the criminal proceedings against the defendant (*i.e.*, the § 1983 plaintiff) have terminated in his

favor.").

## B.     State Law Claims

      A district court may decline to exercise supplemental jurisdiction over state law claims

when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C.

§ 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its

early stages and only state-law claims remain, the federal court should decline the exercise of

jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted);

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    June 9, 2025
          New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge